UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VW CREDIT LEASING LTD.,<br><br>        Plaintiff,<br>v.<br><br>LACKAWANNA COUNTY and DeNAPLES AUTO PARTS, INC.,<br><br>        Defendants. | (Electronically Filed)<br><br>Civil Case No.:<br><br>**COMPLAINT** |

Plaintiff, VW Credit Leasing Ltc. ("VW Credit"), as and for its Complaint against Defendants, Lackawanna County ("Lackawanna") and DeNaples Auto Parts, Inc. ("DeNaples"), alleges:

**NATURE OF ACTION**

1. Lackawanna regularly seizes vehicles as part of its law enforcement activity but has no constitutionally appropriate procedure for disposing of seized vehicles consistent with the basic due process requirements of notice and a hearing. Instead, Lackawanna employs the outdated and constitutionally unsound practice of summarily turning over control of seized vehicles to the private company that towed and stored the vehicle when Lackawanna seized it. In this regard, Lackawanna's policy is to enlist a garage to tow and store vehicles and allow those garages to lien and/or sell the vehicle as a means to cover the costs of towing and storage.

2. Lackawanna's policy and practice of summarily turning over seized vehicles to private tow companies is a joint enterprise from which Lackawanna benefits by avoiding the cost of preserving the seized vehicles and by avoiding the cost of having to pay for towing services, because the tow company accepts the vehicle as compensation for the services it renders to Lackawanna in lieu of money. The tow company benefits by using its control over the vehicle (created under mantle of authority from Lackawanna) to profit by conditioning release of the vehicle upon payment of money to the tow company or by selling the vehicle in the absence of payment.

3. Here, after seizing a vehicle owned and leased by VW Credit after arresting the lessor/driver, Lackawanna afforded no due process to VW Credit and instead summarily disposed of its interests in that vehicle by giving it to DeNaples as payment for the services that Lackawanna had contracted DeNaples to provide. DeNaples accepted the vehicle from Lackawanna as compensation, asserted an *ex parte* lien for those services, demanded that VW Credit satisfy that *ex parte* lien—which DeNaples insisted impaired VW Credit's pre-existing ownership interests—before it would relinquish possession of VW Credit's property. At no time was VW Credit afforded notice, a hearing, or just compensation for Lackawanna's taking of VW Credit's property.

## JURISDICTION AND VENUE

4. This is a declaratory judgment/civil rights action pursuant to 42 U.S.C. §§ 1983 and 1988 for deprivation of VW Credit's rights secured by the Fourth, Fifth and the Fourteenth Amendments to the United States Constitution, and accordingly jurisdiction is conferred on this Court by 28 U.S.C. §§ 1343(a)(3) and 1343(a)(4), as well as 28 U.S.C. § 1331.

5. The remaining causes of action are appropriate pursuant to 28 U.S.C. § 1367 for interrelated state law claims that arise from the occurrences giving rise to the Federal claims, which have a common nucleus of operative fact.

6. Venue lies in the Court pursuant to 28 U.S.C. § 1391(b)(1), because the Defendants reside in this district, and 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## PARTIES

7. Plaintiff VW Credit is a Delaware Business Trust, in the business of, *inter alia*, taking assignments of lease contracts to motor vehicles and holding title to those vehicles during the period of the lease, including being the titled owner of the vehicle which is the subject of this action, a 2020 Audi bearing VIN WA1BNAFY7L2047607 (the "Vehicle"). VW Credit Inc. is the beneficiary and

servicer of the VW Credit Leasing Ltd. business trust, and VW Credit Inc. is an indirectly, wholly owned subsidiary of Volkswagen AG, a publicly traded company in Germany.

8. Defendant Lackawanna is a municipal entity (a county) organized and existing under the laws of the State of Pennsylvania.

9. Defendant DeNaples is, upon information and belief, a corporation incorporated in the State of Pennsylvania which is engaged in the business of towing and storing motor vehicles.

## FACTS

**VW Credit's interest in the Vehicle**

10. VW Credit is the titled owner of the Vehicle.

11. Before April 25, 2022, and before any other facts relevant to this action, VW Credit was party (by way of assignment) to a lease agreement with non-party Cynthia Lynn Pollick (the "Customer"), who leased the Vehicle from VW Credit.

12. Before and/or on April 25, 2022, the Customer defaulted under the lease contract, thereafter entitling VW Credit to immediate possession of the Vehicle. Among other things, the Lease states that an event of default includes "You [the Customer] lose possession of the Vehicle by confiscation, forfeiture or other involuntary transfer whether or not the Vehicle is the subject of judicial or administrative proceedings," and "You [the Customer] do anything that endangers the Vehicle." Upon default the Lease entitles VW Credit to "Take (repssess) the Vehicle wherever we find it. . . ."

13. Therefore, by virtue of Lackawanna's seizure of the Vehicle, and by virtue of amounts DeNaples claimed by way of possessory lien on the Vehicle, the Customer was in non-monetary default of the terms of the lease, thereafter entitling VW Credit to immediate possession of the Vehicle.

3

**Lackawanna seized the Vehicle, in which VW Credit held a protected interest, and gave it to DeNaples for disposal**

14. On or about April 25, 2022, DeNaples actively and regularly towed and stored vehicles at the direction of Lackawanna law enforcement officers acting in the regular course of their duties as law enforcement officers.

15. On or about April 25, 2022, Lackawanna arrested the Customer pursuant to, upon information and belief, a bench warrant for her arrest, which arrest occurred while the Customer was on Lackawanna property. Thereafter, upon realizing the Customer had left the Vehicle on Lackawanna property, Lackawanna took custody of the Vehicle and instructed DeNaples to tow it and store it at Lackawanna's direction.

16. VW Credit had no involvement with or knowledge of the Customer's actions or the operation of the Vehicle at the time it was seized by Lackawanna law enforcement and/or DeNaples.

17. On or about July 10, 2022—76 days later—VW Credit discovered that the Vehicle had been impounded. Specifically, VW Credit received a document from the Pennsylvania Bureau of Motor Vehicles "Abandoned Vehicle Unit" stating that "The [Vehicle] was declared abandoned. . . and is now being held by the salvor," DeNaples.

18. This document resulted from DeNaples providing incorrect information to the Bureau of Motor Vehicles, insofar as (a) DeNaples is not a "Salvor" under Pennsylvania law, (b) DeNaples did not possess the Vehicle under circumstances described in the statutes relating to Salvors and abandoned vehicles, and (c) the Vehicle had not been abandoned by the Customer (who was in jail) or the owner, VW Credit (who did not know it was there in the first place).

19. Upon learning that the Vehicle was impounded with DeNaples, VW Credit informed DeNaples that the Vehicle was not abandoned, that VW Credit wished to retake possession of the Vehicle, and demanded that DeNaples release the Vehicle to VW Credit.

20. DeNaples refused unless VW Credit paid the fees demanded by DeNaples in order to recover the Vehicle.

21. DeNaples asserted that it was able to detain the Vehicle from VW Credit because DeNaples claimed a lien on the Vehicle for towing and storage charges.

22. There is no law which requires VW Credit to pay Lackawanna's towing and storage bill for DeNaples's alleged services surrounding Lackawanna's impounding of the Customer's Vehicle.

23. To the extent Lackawanna or DeNaples seek to rely on any Pennsylvania State law or local ordinance to justify their conduct, these laws are unconstitutional as applied to the circumstances, and/or do not apply to the facts by their terms.

24. VW Credit did not pay the fees demand by DeNaples, and DeNaples refused to release the Vehicle to VW Credit.

25. Upon information and belief, DeNaples remains in possession of the Vehicle.

26. Lackawanna benefited from DeNaples's detention of the Vehicle to secure payment, in that Lackawanna obtained DeNaples's impound storage services, as well as DeNaples's towing services, with no payment (or reduced payment) of money from Lackawanna to DeNaples.

27. DeNaples only possessed the Vehicle by virtue of its relationship with Lackawanna and acted in concert with Lackawanna to seize, detain and dispose of the Vehicle. DeNaples had no other right to remove the Vehicle from the roadway and hold it against anyone. DeNaples was, therefore, acted under color of law when it towed, stored and/or disposed of the Vehicle.

**Lackawanna's and DeNaples's regular policies, customs and/or practices which were applied to the Vehicle**

28. Lackawanna and DeNaples's conduct in relation to VW Credit and the Vehicle on and after April 25, 2022, comported with both Lackawanna's and DeNaples's regular policies, customs and/or practices for the handling of Vehicles encountered and impounded under the same or similar circumstances.

29. Lackawanna carries out its essential functions through its own law enforcement officers, who, among other things, seize vehicles for a variety of reasons ranging from alleged criminal infractions to parking violations.

30. Lackawanna delegates a portion of the performance of these essential functions to DeNaples. Specifically, Lackawanna law enforcement officers utilize DeNaples to tow away, store and dispose of vehicles seized by Lackawanna law enforcement officers acting in the course of their duties as law enforcement officers. In essence, DeNaples is Lackawanna's vehicle impound contractor for the area relevant to this action.

31. Pursuant to this relationship, Lackawanna exercises governmental authority to seize vehicles in concert with DeNaples.

32. Regardless of the reason for Lackawanna's initial seizure of a given vehicle, Lackawanna does not return those vehicles to a person with a preexisting property interest when the justification for Lackawanna's seizure has passed. Instead, Lackawanna places seized vehicles in the possession of its tow operators, including DeNaples, for storage and ultimate disposal, permitting the assertion of an *ex parte* possessory lien to secure payment of charges relating to the towing, storage, and disposal.

33. DeNaples accepts the seized vehicles from Lackawanna—which vehicles Lackawanna does not own—as either partial or total payment for the towing and storage services DeNaples provides to Lackawanna.

34. Rather than receiving monetary compensation from Lackawanna for the services Lackwanna has contracted DeNaples to provide, DeNaples instead impresses an *ex parte* possessory lien for towing and storage fees, which it claims supersedes any other persons' rights in these vehicles.

35. After assessing an *ex parte* possessory lien on impounded vehicles, DeNaples refuses to return possession of the vehicles to any other person, even those with pre-existing property rights in the vehicles, while claiming additional daily storages charges.

36. To effectuate eventual disposal of an impounded vehicle, the Defendants transmit documents to those with preexisting property interests that are the same or similar to the ones Defendants transmitted to VW Credit.

37. To effectuate eventual disposal of an impounded vehicle, Defendants insist persons with preexisting property interests satisfy DeNaples's *ex parte* possessory lien, and further asserts that if this unilateral condition is not satisfied, Defendants can take title to the impounded vehicles and eliminate all other persons interest in those vehicles.

38. Lackawanna benefits from DeNaples's assertion of an *ex parte* lien on, and eventual sale of, seized vehicles. Without DeNaples's conduct, Lackawanna would be forced to pay monetary consideration to DeNaples for the services DeNaples provides Lackawanna instead of compensating DeNaples with possession and authority to assert a lien on the impounded vehicles. Moreover, upon information and belief, DeNaples pays a portion of the proceeds it obtains from others back to Lackawanna as part of its agreement(s) with Lackawanna.

39. It is Lackawanna's and DeNaples's regular policy and custom, in the course of the above-described conduct, to not obtain a warrant for any of the following actions (for which no valid exception to the warrant requirement exists):

A. The initial seizure of a vehicle;

B. The turnover of possession of a vehicle to DeNaples;

C. The decision by Lackawanna and/or DeNaples to continue to detain vehicles after the initial reason for the seizure has passed;

D. The decision of DeNaples to assert an *ex parte* possessory lien and the amount of that lien;

E. DeNaples acting to acquire ownership by terminating all property interests in vehicles; and

F. The eventual sale of vehicles.

40. Even if the initial seizure of the vehicles in question were made under a valid exception to the Fourth Amendment's warrant requirement, a (possibly) valid initial warrantless seizure does not justify any action Lackawanna or DeNaples decide to take thereafter, as referenced in ¶ 39 (B-F), *supra*. Rather, Lackawanna and DeNaples's subsequent actions render the seizures unreasonable in their manner of execution, even if done with an initially valid exception to the warrant requirement.

41. It is also Lackawanna's and DeNaples's regular policy and custom, in the course of the above-described conduct, to not provide any form of constitutionally adequate notice, nor any hearing whatsoever, in relation to any of the following actions:

A. The initial seizure of a vehicle;

B. The turnover of possession of a vehicle to DeNaples;

C. The decision by Lackawanna and/or DeNaples to continue to detain vehicles after the initial reason for the seizure has passed;

D. The decision of DeNaples to assert an *ex parte* possessory lien and the amount of that lien;

E. DeNaples acting to acquire ownership by terminating all property interests in vehicles; and

A. The eventual sale of vehicles.

42. Any notification(s) transmitted by Lackawanna and/or DeNaples relating to the conduct referenced in ¶ 41 (A)-(F) does not satisfy the constitutional due process requirement of notice, because these communications are notifications of Lackawanna's and/or DeNaples's unilateral demands, not notice of an opportunity to be heard (which does not occur).

43. These actions, all taken in accordance with Lackawanna's and DeNaples's regular policies and customs for seizing and disposing of seized motor vehicles, violate the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

44. Lackawanna and DeNaples knew or should have known that their actions violated the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

### COUNT I
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property by Unreasonable Seizure)
### (as against all Defendants)

45. VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

46. VW Credit is the holder of a protected property interest in the Vehicle.

47. Defendants meaningfully interfered with VW Credit's protected interest in the Vehicle by towing it, detaining it, withholding possession from VW Credit, demanding payment and other conditions for release of it, and threatening to ultimately take ownership of it free from VW Credit's lien.

48. By these actions, Defendants acted under color of law to seize the Vehicle within the meaning of the Fourth Amendment to the United States' Constitution.

49. Defendants' seizure of the Vehicle was unaccompanied by a warrant.

50. Defendants' seizure of the Vehicle was unaccompanied by any legitimate exception to the warrant requirement. Alternatively, to the extent the initial seizure was accompanied by any arguably legitimate exception to the warrant requirement, it was carried out in an unreasonable manner of execution insofar as the seizure exceeded the scope necessary to complete any legitimate task associated with the purported warrant exception for which the vehicle was seized.

51. Defendants' seizure of the Vehicle was therefore unreasonable in violation of the Fourth Amendment to the United States' Constitution.

52. Defendants' unreasonable seizure of the Vehicle was accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

53. As a direct and proximate result of Lackawanna's and DeNaples's violation of VW Credit's Constitutional right to be free from unreasonable seizures, VW Credit has suffered damages

based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

54. VW Credit is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** VW Credit prays for judgment against Defendants Lackawanna and DeNaples, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to DeNaples only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### COUNT II
### Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983
### (Deprivation of Property Without Due Process of Law)
### (as against all Defendants)

55. VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

56. VW Credit is the holder of a protected property interest in the Vehicle.

57. Lackawanna and/or DeNaples's actions resulted in the deprivation of VW Credit's protected property interests in the Vehicle.

58. Neither Lackawanna nor DeNaples had any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle before a judge or other neutral decisionmaker.

59. Neither Lackawanna nor DeNaples provided VW Credit for an opportunity to be heard in relation to any of either Defendants' actions in relation to the Vehicle in any venue at any time.

60. Because neither Lackawanna nor DeNaples provided any mechanism for, nor did either secure, review of any of either Defendants' actions in relation to the Vehicle by a judge or other neutral decisionmaker, neither provided VW Credit with constitutionally adequate notice of that non-existent hearing procedure.

61. The manner in which VW Credit became aware of Lackawanna and DeNaples's seizure of the Vehicle, as well as DeNaples's continued possession of the Vehicle, did not constitute adequate notice for the purposes of due process.

62. Defendants' deprivation of VW Credit's rights in the Vehicle was therefore accomplished without due process of law in violation of the Fourteenth Amendment to the United States Constitution.

63. Defendants' deprivations of VW Credit's rights in the Vehicle were accomplished in accordance with the Defendants' standard policy and/or custom for the handling and disposal of seized vehicles.

64. As a direct and proximate result of Lackawanna's and DeNaples's violation of VW Credit's Constitutional right to be free from deprivations without due process of law, VW Credit has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

65. VW Credit is, therefore, entitled to relief under 42 U.S.C. § 1983.

**WHEREFORE,** VW Credit prays for judgment against Defendants Lackawanna and DeNaples, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages (as to DeNaples only), statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

### COUNT III
**Violation of Civil Rights Pursuant to title 42 U.S.C. § 1983**
**(Taking of Property Without Just Compensation)**
**(as against Lackawanna)**

66. VW Credit realleges and incorporates herein by reference the allegations set forth in the prior paragraphs herein.

67. VW Credit is the holder of a protected property interest in the Vehicle.

68. Lackawanna compensated DeNaples, in whole or in part, by turning over possession of the Vehicle to DeNaples, who lawfully possessed the Vehicle only by virtue of having obtained it from Lackawanna.

69. DeNaples accepted the Vehicle as compensation, in whole or in part, for the services it provided to Lackawanna, namely the towing and storage of the Vehicle that Lackawanna had seized.

70. Lackawanna interfered with VW Credit's protected interests in the Vehicle, and its possessory rights pursuant to its contract with its Customer, by turning over the Vehicle to DeNaples and permitting it to assert a possessory lien that both Defendants asserted encumbered VW Credit's interests and prevented VW Credit from exercising its contractual possessory rights in the Vehicle.

71. Lackawanna thereby took VW Credit's interests in the Vehicle—its right to possession of the Vehicle and the assertion of an encumbrance on its ownership of the Vehicle—for a public use.

72. Lackawanna did not compensate VW Credit for the taking of its interests in the Vehicle.

73. Lackawanna therefore took VW Credit's property for public use without just compensation in violation of the takings clause of the Fifth Amendment to the United States' Constitution.

74. Lackawanna's taking of VW Credit's rights in the Vehicle was accomplished in accordance with Lackawanna's standard policy and/or custom for the handling and disposal of seized vehicles.

75. As a direct and proximate result of Lackawanna's violation of VW Credit's Constitutional right to be free from takings without just compensation, VW Credit has suffered damages based upon the lost value of the Vehicle, loss of use of the Vehicle, the lost revenue stream from its lease of the Vehicle, and other damages.

76. VW Credit is, therefore, entitled to relief under 42 U.S.C. § 1983

**WHEREFORE,** VW Credit prays for judgment against Defendant Lackawanna, jointly and severally, for immediate possession of the Vehicle, actual damages, consequential damages, statutory damages, fees and costs of suit, including reasonable attorneys' fees pursuant to 42 U.S.C. § 1988, and such other and further relief as the Court deems just and proper.

## COUNT V
### Declaratory Relief
### (as against all Defendants)

77. VW Credit realleges and incorporates herein by reference to the allegations set forth in the prior paragraphs herein.

78. An actual controversy has arisen and now exists between VW Credit and Defendants warranting declaratory relief pursuant to 28 U.S.C. 2201.

79. VW Credit contends Defendants' conduct is unconstitutional.

80. Defendants assert that their conduct is constitutional.

81. DeNaples also asserts a possessory lien in the Vehicle which it claims encumbers VW Credit's ownership of the Vehicle, which VW Credit disputes.

82. The parties' will not resolve their disagreements over their respective rights in seized vehicles without a judicial declaration.

83. A judicial declaration will also serve the public interest, insofar as (upon information and belief) Lackawanna seizes hundreds of cars every year under the same or similar circumstances to the Vehicle, which it subjects to the same policies and customs that VW Credit contends violate the United States constitution, including many others in which VW Credit holds liens.

84. VW Credit seeks a declaration that, to the extent Defendants seek to rely on any provisions of state or local law to justify the above-described actions, those laws are unconstitutional as applied in violation of the supremacy clause and the aforementioned constitutional rights.

**WHEREFORE,** VW Credit prays for an appropriate judicial declaration of the Parties' respective rights, and such other and further relief as the Court deems just and proper.

## COUNT VI
### Replevin
### (as against DeNaples only)

85. VW Credit realleges and incorporates herein by reference to the allegations set forth in the prior points herein.

86. VW Credit owns the Vehicle and is entitled to possession pursuant to its lease with the Customer.

87. VW Credit has demanded that DeNaples surrender the Vehicle to VW Credit's possession.

88. DeNaples has refused, and continues to refuse, to surrender the Vehicle to VW Credit's possession.

89. VW Credit is entitled to an order requiring DeNaples to immediately turn over possession of the Vehicle to VW Credit.

**WHEREFORE**, VW Credit prays for judgment against Defendant DeNaples for immediate possession of the Vehicle, actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT VII
### Conversion
### (as against DeNaples only)

90. VW Credit incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

91. VW Credit owns the Vehicle, and in accordance with its rights under its lease with the Customer, has become entitled to immediate possession of the Vehicle.

92. DeNaples has refused, and continues to refuse, to surrender possession of the Vehicle to VW Credit.

93. By these actions, DeNaples has purposefully, knowingly and/or intentionally exercised dominion and control over the Vehicle, wrongfully interfering with VW Credit's ownership rights rights to possession of the Vehicle.

94. VW Credit has suffered, and continues to suffer, damages as a result of DeNaples's actions.

**WHEREFORE**, VW Credit prays for judgment against Defendant DeNaples for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper.

## COUNT VIII
**Tortious Interference**
**(as against DeNaples only)**

95. VW Credit incorporates herein by reference the allegations set forth in the above paragraphs, as if fully set forth herein.

96. DeNaples wrongful actions as set forth above constitute a knowing and intentional tortious interference with VW Credit's contractual relations and/or prospective economic advantage with respect to the Vehicle.

97. VW Credit has suffered, and continues to suffer, damages as a result of DeNaples actions.

**WHEREFORE**, VW Credit prays for judgment against Defendant DeNaples for actual damages, consequential damages, punitive damages, fees and costs of suit, including reasonable attorneys' fees, and such other and further relief as the Court deems just and proper

Dated: March 2, 2023

                                      **NORRIS, McLAUGHLIN, P.A.**
                                      *Attorneys for Plaintiff*

                                      By: */s/  Rebecca J. Price*
                                           Rebecca J. Price, Esq.
                                           Attorney I.D. No. 206182
                                           T: 610-391-1800
                                           E:  rprice@norris-law.com