UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VW CREDIT LEASING LTD.,** | : |
| **Plaintiff** | : CIVIL ACTION NO. 3:23-00378 |
| v. | : (JUDGE MANNION) |
| **LACKAWANNA COUNTY and DeNAPLES AUTO PARTS, INC.,** | : |
| | : |
| **Defendants** | |

## MEMORANDUM

Presently before the court is Defendant Lackawanna County's ("Lackawanna") motion to dismiss. (Doc. 11). This dispute arises out of Defendants Lackawanna and DeNaples Auto Parts, Inc. ("DeNaples") allegedly unconstitutional seizure of a 2020 Audi vehicle ("Vehicle"), in which Plaintiff VW Credit Leasing LTD ("VW") holds a security interest or lien. For the reasons stated below Lackawanna's motion is **DENIED**.

### I. Background

VW alleges that Lackawanna uses DeNaples to regularly tow, store, and eventually dispose of vehicles seized by the county in the course of its law enforcement duties. Lackawanna does not directly pay DeNaples for this service. Instead DeNaples accepts possession of seized vehicles as payment for the services it provides Lackawanna. DeNaples then holds the

seized vehicle until the owner pays its towing and storage fees. If no one pays the fees on a given vehicle DeNaples sells that vehicle to recoup its expenses.

The Vehicle here was owned by Cynthai Lynn Pollick ("Ms. Pollick") but VW held a security interest and lien in the Vehicle entitling it to immediate possession of the Vehicle by reason of default on its credit agreement with Ms. Pollick. On or about April 25, 2022, Ms. Pollick defaulted on her agreement with VW, Lackawanna took custody of the Vehicle, and DeNaples towed it away. On or about July 10, 2022, 76 days later, VW received a document declaring the Vehicle abandoned and in the possession of DeNaples. VW informed DeNaples the Vehicle was not abandoned and that they wished to take possession of it but DeNaples refused to release the Vehicle unless VW paid its towing and storage fees. VW did not pay the fees and DeNaples did not release the Vehicle.

On March 2, 2023, VW filed a complaint against Lackawanna and DeNaples under 42 U.S.C §1983 alleging violations of its Fourth, Fifth, and Fourteenth Amendment rights by both Defendants. VW also brought a variety of state law causes of action against only DeNaples and seeks a declaratory judgment that any law cited by either Lackawanna or DeNaples to justify their actions is unconstitutional. On April 5, 2023, Lackawanna filed

a motion to dismiss VW's complaint for failure to state a claim. Lackawanna's motion has been fully briefed and is ripe for review.

II.   Legal Standard

A. Motion to Dismiss

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 334 F. App'x 454, 456 (3d Cir. 2009) (citing *Phillips v. Cnty of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008)).

However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Under the pleading regime established by [*Bell Atl. Corp. v.*] *Twombly*, 550 U.S. 544 (2007) and Iqbal, a court reviewing the sufficiency of a complaint must take three steps. First, it must

- 3 -

"tak[e] note of the elements [the] plaintiff must plead to state a claim." *Iqbal*, 556 U.S. at 675, 129 S.Ct. 1937. Second, it should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679, 129 S.Ct. 1937. Finally, "[w]hen there are well-pleaded factual allegations, [the] court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679, 129 S.Ct. 1937.

*Connelly v. Lane Const. Corp.*, 809 F.3d 780, 787–88 (3d Cir. 2016) (internal citations, quotations and footnote omitted). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting FED.R.CIV.P. 8(a)(2)). At the second step, the court distinguishes between legal conclusions, which are discounted in the analysis, and allegations of historical fact, which are assumed to be true even if "unrealistic or nonsensical," "chimerical," or "extravagantly fanciful." *Iqbal*, 556 U.S. at 681. Deciding whether a claim is plausible is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

- 4 -

**B. 42 U.S.C. §1983**

42 U.S.C. §1983 is the vehicle by which private citizens may seek redress for violations of federal constitutional rights committed by state officials. To state a cause of action under §1983, a plaintiff must allege that: (1) the conduct complained of was committed by persons acting under color of state law; and (2) the conduct violated a right, privilege, or immunity secured by the Constitution or laws of the United States. *See Harvey v. Plains Twp. Police Dep't*, 421 F.3d 185, 189 (3d Cir. 2005).

**III.    Discussion**

**A. VW pleads plausible §1983 claims under *Monell*.**

When a plaintiff alleges under §1983 that a local government is responsible for the deprivation of a constitutional right by its employee, it must satisfy the requirements identified in *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978). To establish a *Monell* claim, the plaintiff must allege: "(1) [it] possessed a constitutional right of which [it] was deprived; (2) the municipality had a policy; (3) the policy 'amount[ed] to deliberate indifference' to the plaintiff's constitutional right; and (4) the policy was the 'moving force behind the constitutional violation.'" *Vargas v. City of Philadelphia*, 783 F.3d 962, 974 (3d Cir. 2015)(quoting *City of Canton v. Harris*, 489 U.S. 378, 389-391 (1989).

It is undisputed that Lackawanna, a county government, is a municipal entity for the purposes of §1983. Thus, VW's complaint must establish a plausible *Monell* claim. Lackawanna does not dispute that VW possessed a constitutional right of which it was deprived. Accordingly, the court will not address that issue. Lackawanna only argues that VW fails to plausibly plea it had a policy that resulted in the removal of the Vehicle and in turn a constitutional deprivation. (Doc. 26 at 7). Specifically, Lackawanna argues that because VW pleas only a single incident of unconstitutional conduct it fails to establish a policy under *Monell*. (*Id*. at 8).

This argument misreads VW's complaint. VW clearly pleads that Lackawanna has a pattern and practice of turning over vehicles seized in the course of its law enforcement duties to DeNaples. (Doc. 1 ¶¶1,2). It is true that VW does not provide evidence or proof of said policy, but such information is not required to survive a 12(b)(6) motion.

Likewise, it is true that the Supreme Court has explained that "[p]roof of a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*, unless proof of the incident includes proof that it was caused by an existing ... municipal policy, which policy can be attributed to a municipal policymaker." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823–24, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985) (plurality opinion). But the Court

articulated this rule with regards to the validity of jury verdicts not motions to dismiss. No liability is imposed under rule 12(b)(6) so questions about the sufficiency of proof required to impose liability are again not appropriate at this stage of the proceeding.

At this stage of the proceeding all VW needs to allege is that Lackawanna had a policy that was deliberately indifferent to its constitutional rights and was the moving force behind the violation of those rights. VW makes these allegations. VW alleges that Lackawanna had policy and practice of turning over seized vehicles to a private towing company without a warrant, without just compensation, and without notice or hearing with deliberate indifference and in actual violation of its Fourth, Fifth, and Fourteenth Amendment rights. (Doc. 29 at 9-10). If VW fails to provide evidence at summary judgment to support these allegations, then its claim will fail then. For now, it is allowed to conduct discovery and collect evidence in support of its claims.

### B. Lackawanna does not challenge the plausibility of VW's other claims.

Since Lackawanna does not challenge the plausibility of VW's other claims the court will not address those claims.

- 8 -

## IV.     Conclusion

For the reasons stated above, VW has stated facially plausible claims and will be allowed to conduct additional discovery to gather evidence in support of those claims. Therefore, Lackawanna's motion to dismiss (Doc. 11) is **DENIED** at this stage of the proceeding. An appropriate order follows.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**DATE: November 13, 2023**
23-0378-01